64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Simon CHOW, Defendant-Appellant.
 No. 94-5862.
 United States Court of Appeals, Fourth Circuit.
 Aug. 17, 1995.
 
 Gregory English, English & Smith, Alexandria, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Lawrence J. Leiser, Asst. U.S. Atty., Alexandria, VA, for appellee.
 Before WILLIAMS and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Simon Chow was convicted by a jury of one count of conspiracy to distribute heroin, in violation of 21 U.S.C. Sec. 846 (1988); three counts of distribution of heroin, in violation of 21 U.S.C. Sec. 841(a)(1) (1988); and two counts of importation of heroin, in violation of 21 U.S.C.A. Secs. 952(a), 960(b)(2) (West Supp.1995). Chow claims that he was entrapped and that the evidence at trial was insufficient to support the jury's verdict, because the Government failed to prove that Chow had a previous intent, disposition or willingness to violate the statutes charged.
 
 
 2
 "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 3
 A "valid entrapment defense has two related elements: government inducement of the crime, and a lack of predisposition on the part of the defendant to engage in the criminal conduct." Mathews v. United States, 485 U.S. 58, 63 (1988); see United States v. Osborne, 935 F.2d 32, 38 (4th Cir.1991). The government may solicit or provide an opportunity for the commission of the crime, but governmental behavior must not be so excessive as to create the criminal disposition in a person not predisposed to commit the crime when first approached by the government agent. Jacobson v. United States, 503 U.S. 540, 548-49 (1992).
 
 
 4
 Once the defendant produces more than a mere scintilla of evidence that the government induced him to commit an offense he was not otherwise predisposed to commit, the burden shifts to the government to prove predisposition beyond a reasonable doubt. Osborne, 935 F.2d at 38. The issue of predisposition focuses on whether the defendant was an "unwary innocent" who was induced to commit a crime he would not otherwise have committed or an "unwary criminal" who simply took advantage of the opportunity to commit a crime that he was predisposed to commit if given the chance. Sherman v. United States, 356 U.S. 369, 372 (1958).
 
 
 5
 Even assuming Chow met his initial burden of production, when viewed in the light most favorable to the Government, the evidence shows that a reasonable jury could find beyond a reasonable doubt that Chow was predisposed to distribute heroin. First, and most compelling, the evidence showed that Chow had previously engaged in a substantial heroin transaction. Further, Chow was able to cut out his source of supply after the first sale to undercover agents and deal directly with the importer in New York City, a transaction difficult for a novice to conduct. Chow was also familiar with the use of samples, code words, cut, and other indicia of heroin transactions before the Government had any contact with him. Finally, the undercover agent testified that Chow eagerly agreed to conduct the heroin transactions and never expressed either hesitation or reluctance.
 
 
 6
 Based on this evidence, the jury could conclude that Chow was predisposed to commit the crimes charged. We find that, when viewed in the light most favorable to the Government, this evidence was thus sufficient to support the jury's verdict. See Osborne, 935 F.2d at 37 (once predisposition is established, an entrapment defense may not be based on government misconduct). Accordingly, we affirm Chow's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED